1  LATHAM & WATKINS LLP
   Melanie M. Blunschi (CA Bar No. 234264)
2   *melanie.blunschi@lw.com*
   Nicole C. Valco (CA Bar No. 258506)
3   *nicole.valco@lw.com*
   505 Montgomery Street, Suite 2000
4  San Francisco, California 94111-6538
   Telephone: +1.415.391.0600
5
   *Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE GRANATO, STEPHANIE LANDRUM, SELESTIA ORDWAY, and JANICE ZARAD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 5:22-cv-2316<br><br>**DEFENDANT APPLE INC.'S NOTICE OF REMOVAL** |

**TO THE CLERK OF COURT, PLAINTIFFS, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Apple Inc. ("Apple"), through undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California, pursuant to the Class Action Fairness Action ("CAFA") and 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

## I.     PROCEDURAL AND FACTUAL BACKGROUND

1.     On or about March 11, 2022, Plaintiffs Jesse Granato, Stephanie Landrum, Selestia Ordway, and Janice Zarad ("Plaintiffs") filed a Class Action Complaint (the "Complaint") in the Superior Court of the State of California, County of Santa Clara, captioned *Jesse Granato, et. al v. Apple Inc.*, Case No. 22CV395280. A copy of the Complaint is attached hereto as **Exhibit A**.

2.     On March 14, 2022, Plaintiffs purported to effectuate service of the Complaint and Summons on Apple. A copy of the Superior Court Civil Case Cover Sheet is attached hereto as **Exhibit B**. A copy of the Summons is attached hereto as **Exhibit C**. A copy of the Civil Lawsuit Notice is attached hereto as **Exhibit D**. A copy of the Santa Clara County Superior Court Alternative Dispute Resolution Information Sheet is attached hereto as **Exhibit E**. A copy of the Santa Clara County Complex Civil Guidelines is attached hereto as **Exhibit F.** A copy of the Superior Court Docket Sheet is attached hereto as **Exhibit G**. On March 18, 2022, Apple was served with the Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline, attached hereto as **Exhibit H**. Copies of all Notices of Service of Process are attached hereto as **Exhibit I**.

3.     The Complaint alleges that Plaintiffs purchased iPhones that purportedly required repairs that were not covered by "Apple's One (1) Year Limited Warranty" (the "Warranty"). Ex. A ("Compl.") ¶¶ 11-18. Plaintiffs Granato, Landrum, and Zarad allege that they paid Apple to repair their iPhones, while Plaintiff Ordway alleges that the price Apple quoted for repair was more than she could afford. *Id.* ¶¶ 12, 14, 16, 18. The Complaint alleges that "Apple deliberately frustrates its customers' efforts to repair their own devices or at a repair shop of their choosing by imposing restrictions on the repair of its products." *Id.* ¶ 23.

4. Plaintiffs bring this action on behalf of themselves as well as a proposed class of "[a]ll persons and entities residing in the United States who, in the last four years from the date of the filing of this complaint: (1) bought an Apple Product, or (2) paid Apple or an Apple Authorized Service Provider for an Apple Product repair that was not covered by Apple's Limited Warranty, AppleCare, or AppleCare+." *Id.* ¶ 82.

5. The Complaint alleges that Apple violated (1) California's Unfair Competition Law (California Business & Professions Code § 17200), *id.* ¶¶ 90-97; (2) the Magnuson-Moss Warranty Act (15 U.S.C. § 2301), *id.* ¶¶ 98-106; and (3) California's Consumers Legal Remedies Act (California Civil Code § 1750), *id.* ¶¶ 107-15.

6. The Complaint also claims that Plaintiffs are entitled to restitution of the profits that Apple allegedly unjustly obtained from Plaintiffs and the proposed class by purportedly "imposing unlawful repair restrictions." *Id.* ¶¶ 116-22.

7. The Complaint further states that Plaintiffs seek "actual damages, punitive damages, restitution, non-restitutionary disgorgement, and/or any other form of monetary relief provided by law." *Id.* at Prayer for Relief, ¶ B. Plaintiffs also seek injunctive relief prohibiting Apple from engaging in purportedly "unfair" and "illegal" practices. *Id.* ¶ 97 & Prayer for Relief, ¶¶ C-D.

## II. THIS COURT HAS JURISDICTION PURSUANT TO CAFA

8. This case is removable, and this Court has jurisdiction over this action pursuant to CAFA and 28 U.S.C. §§ 1332(d), 1441, and 1453, because (1) this case is a putative class action with more than 100 members in the proposed class, (2) there is minimal diversity, since Plaintiffs and Apple are citizens of different states and, alternatively, at least one member of the proposed class and Apple are citizens of different states, and (3) the Complaint places in controversy an amount that exceeds $5 million in the aggregate, taking into account all damages and equitable relief sought on behalf of Plaintiffs and the proposed class, exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6).

9. A notice of removal "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014); *see also Salter v. Quality Carriers,*

*Inc.*, 974 F.3d 959, 963 (9th Cir. 2020) (same).  Apple must provide only "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegation[s]" that the jurisdictional requirements of CAFA are satisfied, *Dart Cherokee*, 574 U.S. at 89.  Thus, while Apple denies any and all liability as to Plaintiffs' individual claims and as to the claims of the putative class, and while Apple expressly reserves all of its rights—including but not limited to its right to file motions challenging the pleadings—each of the jurisdictional requirements of CAFA is satisfied here.

### A. This Is A Putative Class Action In Which The Proposed Class Readily Exceeds 100 Members

10. A "class action" under CAFA includes any civil action filed under Federal Rule of Civil Procedure 23 or a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

11. This lawsuit meets this definition of a class action. *See* Cal. Code Civ. Proc. § 382 ("[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."); *see also* 28 U.S.C. § 1332(d)(1)(B).  In particular, Plaintiffs bring this action "on behalf of themselves and on behalf of the [] proposed Class." Compl. ¶ 82.

12. For purposes of removal, CAFA requires that the proposed class consists of at least 100 persons.  *See* 28 U.S.C. § 1332(d)(5)(B).

13. The Complaint defines the putative class as "[a]ll persons and entities residing in the United States who, in the last four years from the date of the filing of this complaint: (1) bought an Apple Product, or (2) paid Apple or an Apple Authorized Service Provider for an Apple Product repair that was not covered by Apple's Limited Warranty, AppleCare, or AppleCare+." Compl. ¶ 82.  The Complaint further alleges that putative class members "likely number *thousands of people*, because Apple has sold and warranted millions of Apple Products and has repaired thousands of Apple Products." *Id.* ¶ 85 (emphasis added).  Accordingly, the requirement of 28 U.S.C. § 1332(d)(5)(B) is satisfied.

### B.  There Is Minimal Diversity Among The Parties

14.  For purposes of establishing federal jurisdiction, CAFA requires only minimal diversity, and a defendant must show only that "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  "CAFA was intended to strongly favor federal jurisdiction over interstate class actions." *King v. Great Am. Chicken Corp., Inc.*, 903 F.3d 875, 878 (9th Cir. 2018).  Removal is, therefore, proper when even one proposed class member is a citizen of a state different from a defendant's state of citizenship.  *See id.* at 877; *see also Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant.").

15.  Apple is a California corporation with its principal place of business in California. Compl. ¶ 19.  Accordingly, Apple is a citizen of California for purposes of diversity jurisdiction. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." (quoting 28 U.S.C. § 1332(c)(1))).

16.  According to the Complaint, Plaintiff Granato is a citizen and resident of Illinois; Plaintiff Landrum is a citizen and resident of New Jersey; Plaintiff Ordway is a citizen and resident of Virginia; and Plaintiff Zarad is a citizen and resident of Florida.  Compl. ¶¶ 11, 13, 15, 17. Accordingly, Plaintiffs are citizens of Illinois, New Jersey, Virginia, and Florida for purposes of diversity jurisdiction.  In addition, Plaintiffs seek to represent a class of "persons and entities residing in the United States."  *Id.* ¶ 82.

17.  Diversity of citizenship thus exists between Plaintiffs and Apple, or, alternatively, between at least one other member of the proposed class and Apple, and therefore removal is proper.  *See* 28 U.S.C. § 1332(d)(2)(A).

### C.  The Amount In Controversy Exceeds $5 Million

18.  CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6).  The amount in

controversy is first determined by reviewing the allegations of the operative complaint. *See Anderson v. Seaworld Parks & Entm't, Inc.*, 132 F. Supp. 3d 1156, 1160 (N.D. Cal. 2015) ("When determining the amount in controversy, the Court first considers whether it is 'facially apparent' from the complaint that the jurisdictional minimum has been satisfied."). Where a complaint does not state a dollar amount, a defendant's notice of removal under CAFA need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 81.

19. Plaintiffs seek, *inter alia*, (i) an injunction "prohibiting Apple from violating the anti-tying provision of the [MMWA] and from employing the repair restrictions" and other purportedly "illegal" and "unfair" practices alleged in the Complaint; (ii) "actual damages, punitive damages, restitution, non-restitutionary disgorgement, and/or any other form of monetary relief provided by law"; and (iii) "attorneys' fees and costs of suit, including expert witness fees." Compl. ¶¶ 97, 106, 115, 122 & Prayer for Relief ¶¶ B-D, F; *see also Fritsch v. Swift Transp. Co. or Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract."); *Lokey v. CVS Pharm., Inc.*, No. 20-CV-04782-LB, 2020 WL 5569705, at *4-6 (N.D. Cal. Sept. 17, 2020) (holding defendant's submissions regarding restitution, attorney's fees, and costs of injunctive relief were sufficient to establish the amount in controversy).

20. Though the Complaint does not identify a dollar amount, Plaintiffs allege that "Apple has sold and warranted millions of Apple Products and has repaired thousands of Apple Products," Compl. ¶ 85, and Plaintiffs seek to represent a class of persons that "(1) bought an Apple Product, or (2) paid Apple or an Apple Authorized Service Provider for an Apple Product repair that was not covered by Apple's Limited Warranty, AppleCare, or AppleCare+," *id.* ¶ 82. Because Plaintiffs seek damages and restitution based on the alleged "wrongfully obtained profits" that Apple earned from the purchase and/or repair of any Apple products sold in the United States over a four-year period, *id.* ¶¶ 120-22, the amount in controversy exceeds $5,000,000. *See Dart Cherokee*, 574 U.S. at 89. For example, even if the putative class was on the low end of Plaintiffs'

5

APPLE INC.'S NOTICE OF REMOVAL
CASE NO. 5:22-cv-2316

estimate—one million and one people—the alleged damages per person would only need to be $5 to exceed the $5 million threshold.

21. Plaintiffs seek injunctive relief as well, which is properly included in the amount-in-controversy calculation. *See Fritsch*, 899 F.3d at 793. Although the Complaint fails to identify the specific relief, Plaintiffs state that they seek an order that Apple cease purported repair restrictions. *See* Compl. ¶¶ 7, 96, 115 & Prayer for Relief, ¶¶ C-D. This request for injunctive relief could impose costs that would only add to the amount in controversy, which already exceeds the jurisdictional threshold.

22. Apple denies any and all liability, denies that Plaintiffs or members of the putative class are entitled to the damages and/or restitution that Plaintiffs seek in this action, contends that Plaintiffs' allegations are entirely without merit, and denies that class treatment is appropriate in this case. For purposes of this Notice of Removal, however, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and satisfies the amount-in-controversy jurisdictional requirement of CAFA. *See* 28 U.S.C. § 1332(d)(2).[1]

## III. VENUE AND INTRA-DISTRICT ASSIGNMENT

23. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Santa Clara County Superior Court where the removed case was pending is located within this District. *See* 28 U.S.C. § 84(a).

24. Venue is proper in the San Jose Division of this Court pursuant to Local Rule 3-2(e), as the original action was filed in Santa Clara County Superior Court.

## IV. COMPLIANCE WITH REMOVAL PROCEDURE

25. Plaintiffs purported to effectuate service of the Complaint and Summons on Apple by personal service to its registered service agent on March 14, 2022. *See* Ex. I (Notice of Service of Process). Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within 30 days of service.

---

[1] Should Plaintiffs challenge the amount in controversy in a motion to remand, Apple reserves the right to further substantiate that the amount in controversy is met.

26. Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as Exhibits A-F and H-I are true and correct copies of the Complaint and all process, pleadings, and orders served upon Apple. Apple has not filed an answer or other response to the Complaint in the Santa Clara County Superior Court prior to removal and is not aware of any pending motions filed in that court.

27. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

28. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs' counsel and a copy, along with a notice of filing of the notice of removal, is being filed with the Clerk of Santa Clara County Superior Court, California.

29. Apple reserves the right to amend or supplement this Notice of Removal. Apple further reserves all rights and defenses, including those available under the Federal Rules of Civil Procedure and the right to compel arbitration pursuant to applicable contract(s). *See, e.g.*, *Morvant v. P.F. Chang's China Bistro, Inc.*, 870 F. Supp. 2d 831, 846-47 (N.D. Cal. 2012).

## V. CONCLUSION

30. Apple respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Santa Clara County Superior Court, California. Apple further requests such relief as the Court deems appropriate.

Dated: April 13, 2022

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ *Melanie M. Blunschi*

Melanie M. Blunschi (CA Bar No. 234264)
 melanie.blunschi@lw.com
Nicole C. Valco (CA Bar No. 258506)
 nicole.valco@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*