UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESSE GRANATO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No.   5:22-cv-02316-EJD<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: ECF No. 20 |

This putative class action relates to Defendant Apple Inc.'s ("Apple") alleged anti-repair measures and asserts four claims under California's Unfair Competition Law, the Magnuson-Moss Warranty Act, California's Consumers Legal Remedies Act, and for unjust enrichment. Apple removed this class action from the Santa Clara County Superior Court pursuant to the Class Action Fairness Act. Plaintiffs now move to remand the matter back to state court.

For the following reasons, the Court GRANTS Plaintiffs' Motion to Remand.

I.  **BACKGROUND**

Plaintiffs allege that, for years, Apple has taken several measures to discourage its customers from repairing their own Apple devices or paying third parties to repair those devices. Apple's Notice of Removal ("Not. Removal"), Ex. 1 ("Compl.") ¶ 1, ECF No. 1-1. These anti-repair measures include threatening to terminate warranty coverage; withholding parts, tools, and repair manuals; placing "booby traps" and other repair impediments in its devices; refusing to service devices that have been previously repaired; and disparaging independent repair shops and aftermarket replacement parts. *Id.* ¶ 24. Because Plaintiffs and other Apple customers would not be able to readily prolong the lives of their devices through third-party or self-repair, they would

1  need to replace or upgrade their devices with new Apple devices more frequently. *Id.* ¶¶ 21–23.

2  On March 11, 2022, Plaintiffs filed this putative class action against Apple in the Santa

3  Clara County Superior Court. Not. Removal ¶ 1. The Complaint asserts four claims for violations

4  of California's Unfair Competition Law ("UCL"); the federal Magnuson-Moss Warranty Act

5  ("MMWA"); California's Consumers Legal Remedies Act ("CLRA"); and for unjust enrichment.

6  *Id.* ¶¶ 5–6. Plaintiffs seek both damages and equitable relief, though damages are only sought

7  under the MMWA; the UCL, CLRA, and unjust enrichment claims only request equitable relief.

8  Compl. ¶¶ 96–97, 106, 115, 122; *see also* Pls.' Mot. Remand ("Mot.") 3 ("Except for the MMWA

9  claim, Plaintiffs seek only equitable relief pursuant to the UCL and CLRA violations and the

10  claim for unjust enrichment."), ECF No. 20.

11  On April 13, 2022, Apple timely removed the Complaint to federal court, invoking the

12  Court's original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Not.

13  Removal ¶¶ 8–22. On May 13, 2022, Plaintiffs filed the present Motion to Remand. ECF No. 20.

14  **II.    LEGAL STANDARDS**

15  Federal courts are courts of limited jurisdiction and may only exercise jurisdiction over

16  those matters authorized by the Constitution or by Congress. *See, e.g.*, *Kokkonen v. Guardian Life*

17  *Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if

18  the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). The

19  party seeking removal bears the burden of establishing jurisdiction, and courts typically construe

20  the statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

21  CAFA is one such statute that provides district courts with original jurisdiction to hear

22  certain class actions. 28 U.S.C. § 1332(d)(2). To invoke diversity jurisdiction pursuant to CAFA,

23  a party must establish that (1) at least one plaintiff and one defendant are citizens of different

24  states; (2) that the class has more than 100 members; and (3) that the aggregate amount in

25  controversy exceeds $5,000,000, exclusive of interests and costs. *Id.* "[U]nder CAFA the burden

26  of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."

27  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

28  Case No.: 5:22-cv-02316-EJD
ORDER GRANTING MOTION TO REMAND

### III. DISCUSSION

Plaintiffs move to remand the MMWA claim for lack of subject matter jurisdiction and to remand the UCL, CLRA, and unjust enrichment claims for lack of equitable jurisdiction. They argue that remand is a more appropriate and efficient recourse for a lack of equitable jurisdiction than dismissal from an eventual Rule 12(b)(6) motion. The Court addresses these issues in turn.

#### A. Magnuson-Moss Warranty Act ("MMWA") Claim

Plaintiffs first contend that Apple's satisfaction of CAFA's diversity jurisdictional requirements does not also satisfy the MMWA's more stringent numerosity requirement. Mot. 4–5; *see* 15 U.S.C. § 2310(d)(3) ("No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection—(C) if the action is brought as a class action, and *the number of named plaintiffs is less than one hundred*.") (emphasis added). Apple responds that the Court has original jurisdiction over Plaintiffs' state law claims per CAFA, which then permits the Court to exercise supplemental jurisdiction over the MMWA claim. Apple's Opp. ("Opp.") 14–15, ECF No. 22. Alternatively, Apple argues that the Court may exercise original jurisdiction over Plaintiffs' individual MMWA claims, which are not subject to the class numerosity requirements. *Id.* at 15.

As an initial point, Apple appears to concede that the Court does not have original jurisdiction over the MMWA class claim because there is no dispute that the Complaint names less than one hundred plaintiffs. 15 U.S.C. § 2310(d)(3)(C); Opp. 15 (acknowledging that "[s]upplemental jurisdiction only comes in to play when there is no original jurisdiction"); *see also generally Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027 (9th Cir. 2020). Additionally, although the Complaint occasionally mentions that Plaintiffs are bringing the action "on behalf of themselves and on behalf of the . . . proposed Class" (Opp. 16 n.7 (citing Compl. ¶¶ 82, 101, 106)), the Complaint does not expressly purport to advance any individual MMWA claims, and Plaintiffs have explicitly disavowed any intention to pursue MMWA claims in their individual capacities. *See* Reply 3 n.2; Decl. Rosemary M. Rivas ¶¶ 3–5. Accordingly, the key question remaining for the MMWA claim is whether the Court may exercise supplemental jurisdiction over it, notwithstanding the fact that the Complaint names fewer than one hundred plaintiffs.

Case No.: 5:22-cv-02316-EJD
ORDER GRANTING MOTION TO REMAND
3

The Court concludes that, based on the Ninth Circuit's reasoning in *Floyd*, the MMWA's class numerosity requirement cannot be circumvented using the supplemental jurisdiction statute. In *Floyd*, the Ninth Circuit was asked to resolve a purported conflict between the MMWA and CAFA jurisdictional requirements, namely that "[c]ontrary to the Magnuson-Moss Warranty Act, CAFA does not require naming all one hundred plaintiffs." 966 F.3d at 1033 (comparing 15 U.S.C. § 2310(d)(3)(C) with 28 U.S.C. § 1332(d)(1)(D)). The Ninth Circuit, however, rejected this premise, holding instead that "the statutory language of the MMWA and of CAFA is *not irreconcilable*—the MMWA simply *prevents* claims under that Act from proceeding in federal court absent the satisfaction of certain jurisdictional prerequisites." *Id.* at 1035 (emphasis added). In doing so, the Ninth Circuit gave effect to the MMWA's statutory requirements, while applying CAFA in all other cases. *Id.*

Although *Floyd* did not involve issues of supplemental jurisdiction, the Court finds that the Ninth Circuit's interpretation of the MMWA also provides the answer here as well. *Floyd* understood the MMWA's § 2310(d)(3) requirements to be "impos[ing] *specific limitations* on the exercise of jurisdiction by federal courts." 966 F.3d at 1032 (emphasis added). Because the statutory numerosity requirement is one such "specific limitation[]" on this Court's ability to exercise jurisdiction, the availability of supplemental jurisdiction cannot overcome that limitation any more than the availability of CAFA diversity jurisdiction could in *Floyd*. To hold otherwise would effectuate an implied repeal of the MMWA's statutory limits, a result the Ninth Circuit explicitly sought to avoid. *See id.* at 1034. Other district courts in this circuit have similarly interpreted *Floyd*. *See Weisse v. LG Elecs., Inc.*, 2023 WL 1796548, at *4 (D. Haw. Jan. 11, 2023) (holding that *Floyd* and the MMWA "bars Plaintiffs from using § 1367(a) to override the MMWA"); *Angiano v. Anheuser-Busch InBev Worldwide, Inc.*, 532 F. Supp. 3d 911, 921 (C.D. Cal. 2021) (citing *Floyd* to reject the application of supplemental jurisdiction over MMWA claim).

Supplemental jurisdiction would also be unavailable here for the separate reason that 28 U.S.C. § 1367 contains an express exception to supplemental jurisdiction if another federal statute "expressly provide[s] otherwise." 28 U.S.C. § 1367(a). Given that the MMWA's jurisdictional

Case No.: 5:22-cv-02316-EJD
ORDER GRANTING MOTION TO REMAND
4

requirements act as "specific limitations on the exercise of jurisdiction by federal courts," *Floyd*, 966 F.3d at 1032, there is little doubt that the MMWA's statutory requirements would fall within that exception and take primacy over § 1367's grant of supplemental jurisdiction. *See Weisse*, 2023 WL 1796548, at *4 ("*Floyd* indicates that the MMWA's jurisdictional requirements are an example of a federal statute that *expressly provides otherwise*.") (emphasis added). In other words, this Court cannot invoke § 1367 where the MMWA (*i.e.*, a federal statute) has "expressly provided otherwise" that "[n]o claim shall be cognizable" if the class action names fewer than one hundred plaintiffs. 15 U.S.C. § 2310(d)(3).

Apple's arguments to the contrary are unpersuasive. First, Apple's cited cases are largely inapposite, as they either predate the Ninth Circuit's opinion in *Floyd*, *see* Opp. 15 (citing *Woo v. Am. Honda Motor Co., Inc.*, 462 F. Supp. 3d 1009 (N.D. Cal. 2020)), or are from courts not bound by *Floyd*. *See* Opp. 15 (citing *Sasso v. Tesla, Inc.*, 2022 WL 363850 (E.D.N.C. Feb. 7, 2022); *Chambers v. King Buick GMC, LLC*, 43 F. Supp. 3d 575, 614 (D. Md. 2014)). Second, Apple's attempt to distinguish *Floyd* because it did not involve supplemental jurisdiction is similarly misplaced. Opp. 15. As discussed above, the Court relies on *Floyd* for the Ninth Circuit's standalone interpretation of the MMWA, not necessarily its application to CAFA. To construe the MMWA's limitations otherwise for supplemental jurisdiction would result in the very implied repeal that *Floyd* sought to avoid. 966 F.3d at 1035. Apple also does not address the "expressly provided otherwise by Federal statute" exception in § 1367 that would instruct the Court to give effect to the MMWA's statutory restrictions over the grant of supplemental jurisdiction.

In sum, because this "action is brought as a class action, and the number of named plaintiffs is less than one hundred," 15 U.S.C. § 2310(d)(3), this Court is barred from exercising subject matter jurisdiction over the MMWA claim, notwithstanding the availability of supplemental jurisdiction. Accordingly, the MMWA claim is subject to remand.

**B.     State Law Claims**

In addition to the MMWA claim, the Complaint also asserts three state law claims based on the UCL, CLRA, and unjust enrichment (collectively, the "State Law Claims"). Unlike the

Case No.: 5:22-cv-02316-EJD
ORDER GRANTING MOTION TO REMAND
5

MMWA claim, these claims do not seek damages and only request equitable relief.[1]  *See* Compl. ¶¶ 96–97, 106, 115, 122; *see also* Mot. 3 ("Except for the MMWA claim, Plaintiffs seek only equitable relief pursuant to the UCL and CLRA violations and the claim for unjust enrichment.").

Plaintiffs contend that remand is the proper remedy in this case, because without the claims seeking equitable relief, there are no other claims over which this Court has subject matter jurisdiction. Mot. 7–9; Reply 9–10.  Apple rebuts by emphasizing the proper resolution for a lack of equitable jurisdiction is dismissal pursuant to a Rule 12(b)(6) motion.  Opp. 8–9.

### 1. Equitable Jurisdiction

In *Sonner*, the Ninth Circuit held that "federal courts must apply equitable principles derived from federal common law to claims for equitable restitution," which includes the historic requirement that a plaintiff seeking equitable relief show that she lacks an adequate remedy at law. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 837, 844 (9th Cir. 2020).  This limitation on the federal courts is referred to as "equitable jurisdiction" and is "distinct from subject matter jurisdiction, although both are required for a federal court to hear the merits of an equitable claim." *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1314 (9th Cir. 2022), *cert. denied sub nom. Polaris Indus. Inc. v. Albright*, 2023 WL 3937623 (U.S. June 12, 2023).  Subsequently, in *Guzman*, the Ninth Circuit held that dismissals for lack of equitable jurisdiction must be "without prejudice to refiling the same claim in state court." 49 F.4th at 1314–15 (finding that although "federal law bars us from considering the merits of state-law claims, we also lack authority to prevent state courts from doing so").

Plaintiffs do not appear to contest that subject matter jurisdiction exists over the State Law Claims but rather are seeking remand based on this Court's lack of equitable jurisdiction to hear the State Law Claims that only seek equitable relief. Mot. 5–7.  Apple responds that the lack of

---

[1] Apple points out that the Complaint reserves the right to "amend [the CLRA claim] to seek damages and all other available relief," though Plaintiffs represent that they will not seek damages under the CLRA. Opp. 11–12; Reply 10–11.  To the extent Apple implies that the Court may hear the equitable CLRA claim because Plaintiffs *might* amend their complaint to seek damages, such a question would not be ripe (prudentially or colloquially speaking) at this stage.

Case No.: 5:22-cv-02316-EJD
ORDER GRANTING MOTION TO REMAND
6

equitable jurisdiction does not deprive the Court of the original jurisdiction accorded by CAFA, arguing that a lack of equitable jurisdiction is more properly addressed in a Rule 12(b)(6) motion than on a motion to remand. Opp. 8–10. Notably, Apple does not appear to dispute the absence of equitable jurisdiction, nor does it represent that it would refrain from moving for dismissal under Rule 12(b)(6) on the same grounds. *See* Mot. 5–7; Opp. 2, 10–12. Accordingly, the main dispute is whether this Court should remand the State Law Claims for lack of equitable jurisdiction or deny Plaintiffs' Motion without prejudice to a subsequent motion under Rule 12(b)(6).

### 2. Remand

As an initial matter, the Court notes that remand would not be appropriate under 28 U.S.C. § 1447(c), which permits remand of a removed case for lack of subject matter jurisdiction or "any defect other than lack of subject matter jurisdiction." The Court is satisfied that Apple has met its burden to establish the factual bases for CAFA diversity jurisdiction, and Plaintiffs have not disputed any of those factual bases. Not. Removal ¶¶ 8–22. Similarly, Plaintiffs do not identify any apparent defects in Apple's compliance with the removal procedures that warrant remand for "any defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009) ("It is relatively clear from context that 'defect' refers to a failure to comply with the statutory requirements for removal provided in 28 U.S.C. §§ 1441–1453."). Accordingly, § 1447(c) does not provide a basis for remanding this case.

The Court's power of remand, however, is not limited to the circumstances set forth in § 1447(c). Federal courts have historically abstained from exercising jurisdiction and remanded such cases to state court out of "deference to the paramount interests of another sovereign" and "principles of comity and federalism." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723 (1996); *see also Kamm*, 568 F.3d at 756 (listing circumstances where federal courts may decline to exercise jurisdiction, "such as abstention in favor of state court jurisdiction under *Younger v. Harris*, and related abstention cases, or a refusal to exercise supplemental jurisdiction and a resulting remand to state court under 28 U.S.C. § 1367(c)") (internal citation omitted). Circumstances warranting such a remand may include those that involve "proper constitutional

Case No.: 5:22-cv-02316-EJD
ORDER GRANTING MOTION TO REMAND
7

1   adjudication," "regard for federal-state relations," and "wise judicial administration."

2   *Quackenbush*, 517 U.S. at 716.

3       The Court finds that remand in this case is appropriate out of "regard for federal-state relations" and "wise judicial administration." First, there is little doubt that equitable jurisdiction represents a delicate balance in the federal-state relationship, as evidenced by the Ninth Circuit detailed federalism analysis and balancing in *Sonner*, 971 F.3d at 841–844. And, as the Ninth Circuit observed in *Guzman*, there is a healthy degree of deference to and recognition of the differences in equitable jurisdiction between federal and state courts. 49 F.4th at 1315 ("[W]here federal law bars us from considering the merits of state-law claims, we also lack authority to prevent state courts from doing so."). Furthermore, in 1996, the Supreme Court recognized that federal courts have discretion to abstain from exercising their equitable jurisdiction and to remand claims seeking equitable or discretionary relief. *Quackenbush*, 517 U.S. 706.[2] In *Quackenbush*, the Supreme Court held that it was improper to remand a *damages* action under abstention principles but contrasted that conclusion with the federal courts' "long [] established . . . authority to decline to exercise its jurisdiction when it is asked to employ its historic powers as a *court of equity*." 517 U.S. at 717 (emphasis added) (internal quotation marks omitted). In doing so, the Supreme Court expressly recognized that "in cases *where the relief being sought is equitable in nature* . . . , federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, *decline to exercise jurisdiction altogether by . . . remanding it to state court*." *Id.* at 721 (emphasis added). Abstaining and remanding the equitable State Law Claims, therefore, would be warranted here to accord "deference to the paramount interests of another sovereign." *Id.* at 723.

---

[2] Apple asserts that *Quackenbush* has no import here because it "is not relevant to whether Plaintiffs have met their burden of establishing an exception to CAFA jurisdiction." Opp. 13–14. However, Plaintiffs are not challenging CAFA subject matter jurisdiction; they are moving to remand based on a lack of federal equitable jurisdiction, which is distinct from subject matter jurisdiction. *See Guzman*, 49 F.4th at 1314. "Even when a court has subject matter jurisdiction, there remains the question of equitable jurisdiction before the District Court properly can reach the merits." *Id.* (internal brackets and quotation marks omitted).

Case No.: 5:22-cv-02316-EJD
ORDER GRANTING MOTION TO REMAND

8

1    Second, remand to state court—as opposed to dismissal without prejudice to refiling in
2    state court—would also be in the interests of judicial economy and administration.  As *Guzman*
3    teaches, a dismissal under *Sonner* for lack of equitable jurisdiction must be "without prejudice to
4    refiling the same claim in state court."  49 F.4th at 1314.  Accordingly, the State Law Claims
5    would likely be subject to dismissal without prejudice upon Apple's filing of a proper motion,
6    whereas the MMWA claim is subject to remand now under 28 U.S.C. § 1447(c).  However,
7    "piecemeal remand in diversity cases is inappropriate."  *Clevenger v. Welch Foods Inc.*, 2023 WL
8    2390630 (C.D. Cal. Mar. 7, 2023) (internal brackets omitted) (quoting *Utne v. Home Depot*
9    *U.S.A., Inc.*, 2022 WL 1443339, at *3 (N.D. Cal. May 6, 2022)).  Those inefficiencies would be
10   exemplified here, where remanding only the MMWA claim and requiring Plaintiffs to separately
11   refile the State Law Claims in state court could result in two distinct state law actions, each at
12   different stages of litigation.  Remanding the State Law Claims, therefore, would not only achieve
13   the same result more efficiently but it would also prevent unnecessary parallel litigation.

14   At least two district courts in this Circuit have recently remanded actions for lack of
15   equitable jurisdiction, both citing abstention grounds.  In *Guthrie v. Transamerica Life Ins. Co.*,
16   561 F. Supp. 3d 869 (N.D. Cal. 2021), Judge Orrick provided a detailed and well-researched study
17   into the nature of equitable jurisdiction, as well as a persuasive analysis as to why remand is more
18   appropriate than dismissal for actions originating in state court.  Similarly, in *Clevenger v. Welch*
19   *Foods Inc.* ("*Clevenger II*"), 2023 WL 2390630 (C.D. Cal. Mar. 7, 2023), Judge Carney remanded
20   a class action seeking restitution and injunctive relief based on the "purposes of CAFA, concerns
21   of federalism, and the interests of justice."  *Id.* at *3.  Furthermore, the procedural history in
22   *Clevenger* illustrates precisely why remand of the State Law Claims in this case is preferable to a
23   dismissal without prejudice.[3]  The *Clevenger* plaintiffs had originally filed an action in state court
24   seeking both money damages and equitable relief ("*Clevenger I*"), which was subsequently

---

[3] The Court GRANTS Apple's Administrative Motion for Leave to File a Response to Plaintiffs' Statement of Recent Decision regarding the *Clevenger II* decision.  ECF No. 28.  The Court has considered Apple's response in this Order.

Case No.:   5:22-cv-02316-EJD
ORDER GRANTING MOTION TO REMAND
9

removed to federal court. *Clevenger v. Welch Foods Inc.* ("*Clevenger I*"), 2022 WL 18228288, at *1 (C.D. Cal. Dec. 14, 2022). In accordance with *Sonner* and *Guzman*, Judge Carney dismissed only the equitable UCL claim without prejudice to refiling in state court. *Id.* The same plaintiffs then refiled the UCL claim in state court (the *Clevenger II* action), and the defendants again removed that second action to federal court, seeking another dismissal. *Clevenger II*, 2023 WL 2390630, at *1. In deciding to remand the UCL-only *Clevenger II* action, Judge Carney distinguished the action from others involving "motions to remand only an equitable claim while retaining non-equitable claims." *Id.* at *5 n.4. He also denounced the defendants' "attempt to circumvent state-court judicial powers and prevent Plaintiffs' UCL claim from ever being heard [as] a clear misuse of CAFA." *Id.* at *5. Here, as in *Clevenger I*, the hypothetical dismissals of the State Law Claims could also simply result in the Claims taking a lap through the state courts before appearing before this Court again for dismissal. And like *Clevenger II*, the lack of equitable jurisdiction over the State Law Claims would leave the Court without any claims over which it has subject matter jurisdiction. In these circumstances, the Court agrees with Judge Carney that the "purposes of CAFA, concerns of federalism, and the interests of justice" counsel in favor of remand over dismissal. *Id.* at *3.

Apple asserts—and the Court acknowledges—that the lack of equitable jurisdiction often results in the equitable claim being dismissed without prejudice. Opp. 9–10. However, in the cases cited by Apple, the district courts had declined to remand because doing so would have split the actions, given that not all claims were seeking equitable relief. *Id.* (citing *Naseri v. Greenfield World Trade, Inc.*, 2021 WL 3511040 (C.D. Cal. Aug. 10, 2021) (involving claims under the Song-Beverly Consumer Warranty Act, the CLRA, and UCL) (Carney, J.); *Lopez v. Cequel Commc'ns, LLC*, 2021 WL 4476831 (E.D. Cal. Sept. 30, 2021) (seeking "various remedies, including damages, restitution, declaratory relief, and injunctive relief")). Here, however, the Court's lack of equitable jurisdiction (in conjunction with its lack of subject matter jurisdiction

Case No.: 5:22-cv-02316-EJD
ORDER GRANTING MOTION TO REMAND
10

over the MMWA claim) would leave it without a case to decide at all.[4]  Accordingly, like *Guthrie* and *Clevenger II* and unlike Apple's cited cases, remand is warranted here.

In summary, the Court lacks equitable jurisdiction to hear the State Law Claims, which renders those claims subject to dismissal without prejudice per *Guzman*, 49 F.4th 1308.  However, because the absence of equitable jurisdiction over the State Law Claims would leave no remaining claims over which this Court has subject matter jurisdiction, the Court finds that remand to state court under well-recognized abstention principles is more efficient and appropriate than dismissal.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Remand is GRANTED.  The case is hereby REMANDED to the Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated: July 19, 2023

EDWARD J. DAVILA
United States District Judge

---

[4] Notably, this distinction was also recognized and embraced by Judge Carney in *Clevenger II*, 2023 WL 2390630, at *5 n.4, who was the same judge that had denied remand two years earlier in *Naseri*, 2021 WL 3511040.

Case No.: 5:22-cv-02316-EJD
ORDER GRANTING MOTION TO REMAND
11